IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                            No. CR 07-0733  JB

KANDYCE MARIE SUINA,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Objections to Presentence Report, filed July 3, 2007 (Doc. 20)("Suina's Objections").  The Court held a sentencing hearing in this case on August 9, 2007.  The primary issue is whether the Court should sustain Defendant Kandyce Suina's factual objections to the Pre-Sentence Investigation Report ("PSR") that the United States Probation Office ("USPO") prepared in this matter.  Because the Court believes that there are good grounds to sustain Suina's objections, and because the United States does not oppose Suina's request to modify the factual content of the PSR, the Court will sustain the objections.

## PROCEDURAL BACKGROUND

On April 17, 2007, the United States filed an Information charging Suina with one count of assault resulting in serious bodily injury in violation of 18 U.S.C. §§ 113(a)(6) and 1153.  <u>See</u> Information, filed April 17, 2006 (Doc. 14).  On the same day, the United States and Suina entered into a plea agreement, made pursuant to rule 11 of the Federal Rules of Criminal Procedure, in which Suina pled guilty to the charge contained in the Information.  <u>See</u> Plea Agreement ¶ 3, at 2, filed April 17, 2007 (Doc. 17).

The USPO disclosed the PSR in this matter on June 15, 2007.  See PSR at 1.  On July 3, 2007, Suina filed her Objections, which raise a number of factual objections to information contained in the PSR.  Suina's Objections were initially filed with the Court under seal.  At the sentencing hearing, however, Suina's counsel indicated that he had inadvertently filed the Objections under seal and that there was no need for the filing to be under seal or for the Court to consider the Objections ex parte.  See Transcript of Hearing at 1:25-2:3 (Streubel)(taken August 9, 2007)("Transcript").[1]

The United States did not file any written response to Suina's Sentencing Memorandum.  At the sentencing hearing, the United States did not object to any of Suina's and/or the Court's proposed modifications to the factual content of the PSR.

### ANALYSIS

Suina makes a number of factual objections to assertions and characterizations that the USPO makes in the PSR.  The United States has not made any factual objections to the PSR.  The Court will sustain all the objections.

1.      **Paragraph 15.**

Suina asserts that paragraph 15 of the PSR incorrectly states that she had an abortion one week before the August 21, 2006 incident that is basis for Suina's conviction.  See PSR ¶ 15, at 4.  She represents that the abortion occurred on June 22, 2006 -- almost two months before the incident.  See Suina's Objections ¶ 1, at 1.  The United States does not object to changing the PSR to reflect June 22, 2006 as the date of Suina's abortion.  See Transcript at 2:9-12 (Carson) .  The Court will sustain Suina's objection to paragraph 15 and will modify paragraph 15 to reflect June 22, 2006 as

---

[1]The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

the date of Suina's abortion.

**2.    Jordan Leno.**

Paragraph 50 of the PSR indicates that Suina's older brother is deceased. <u>See</u> PSR ¶ 50, at 12. Suina states that this is incorrect, and that her brother, Jordan Leno, is alive. <u>See</u> Suina's Objections ¶ 2, at 1. The United States does not object to changing the PSR to reflect that Jordan Leno is alive. <u>See</u> Transcript at 2:15-18 (Carson). The Court will sustain Suina's objection and modify paragraph 15 to indicate that Leno is alive.

**3.    Mental State.**

Paragraph 50 of the PSR concerns the USPO's assessment of Suina's mental and emotional health. <u>See</u> PSR ¶ 50, at 12. Suina objects to paragraph 50 and indicates that it does not characterize her emotional state accurately. <u>See</u> Suina's Objections ¶ 3, at 1. Suina represents that she "suffered from a great deal of sadness due to her abortion" and "that she was pressured into the abortion by her boyfriend." <u>Id.</u> Suina states that her boyfriend harassed her and threatened to commit suicide unless she had an abortion. <u>See id.</u>

At the sentencing hearing, the Court proposed to the parties that it add an additional paragraph to the PSR reflecting Suina's characterization of her mental state. Both Suina and the United States indicated that the Court's suggestion was acceptable. <u>See</u> Transcript at 2:24 (Streubel); <u>id.</u> at 2:25 (Carson). The Court will sustain Suina's objection to paragraph 50 and will add a paragraph reflecting Suina's characterization of her mental state.

**4.    Paragraph 51.**

Paragraph 51 of the PSR details Suina's substance abuse history. <u>See</u> PSR ¶ 51, at 12. Paragraph 51 indicates that Suina's last use of alcohol was in December 2006 and that her last use of cocaine was in November 2006. <u>See id.</u> Paragraph 51 also states that cocaine is Suina's drug of

choice.  See id.  Suina counters that this information is inaccurate; she states that her last use of

alcohol and cocaine was in August 2006.  See Suina's Objections ¶ 4, at 1.  She also proffers that,

to the extent that she has a drug of choice, it is marijuana, not cocaine.  See id. The United States

does not object to changing the PSR in the manner Suina requests.  See Transcript at 3:1-7 (Carson).

The Court will sustain Suina's objection, and modify paragraph 51 to state that Suina's last use of

alcohol and cocaine was in August 2006, and that, to the extent Suina has a drug of choice, it is

marijuana.

       5.       **Paragraph 56.**

       Paragraph 56 of the PSR states that Suina was employed as an office manager with Seymar

Construction in Acoma, New Mexico from January 2005 through February 2006.  See PSR ¶ 56,

at 13.  Suina contends that her employment at Seymar Construction began in March 2005, not

January 2005.  See Suina's Objections ¶ 5, at 1-2.  The United States does not object to changing

the PSR to state that Suina began employment at Seymar Construction in March 2005.  See

Transcript at 3:8-11 (Carson).  The Court will sustain Suina's objection to paragraph 56 and modify

the PSR to reflect that Suina began employment at Seymar Construction in March 2005.

       **IT IS ORDERED** that Suina's Objections to the Presentence Report are sustained.  The

Court will modify the PSR in the manner described in this Memorandum Opinion and Order.


                                          _____
                                          UNITED STATES DISTRICT JUDGE

*Counsel:*

Larry Gomez
  Acting United States Attorney
Glynette R. Carson-McNabb
  Assistant United States Attorney
Albuquerque, New Mexico

     *Attorneys for the Plaintiff*

David A. Streubel
Kelley-Streubel LLC
Albuquerque, New Mexico

     *Attorney for the Defendant*